## YOUNG ET AL. v. YOUNG ET AL.

*Presumptions — Death after seven years' absence — Descent of property to absent heir.*

Where a person mysteriously disappears and is not again heard from, a legal presumption of his death does not arise until seven years from the date of his disappearance, and in the absence of any proof showing his death the property of an ancestor dying within the seven-year period will be presumed to have descended to such absent heir.

(Decided February 20, 1918.)

ERROR: Court of Appeals for Franklin county.

*Mr. M. E. Thrailkill* and *Mr. John R. Horst,* for plaintiffs in error.

*Mr. James A. Allen,* for James Ross and William R. Diehl; *Messrs. Donaldson & Tussing,* for the Sifrits, and *Messrs. Huggins, Pretzman & Davies,* for Anna Young, individually and as executrix, defendants in error.

KUNKLE, J. This case comes into this court on error from the judgment of the court of common pleas.

In brief the facts disclosed by the record show that John S. Young, Sr., late of this county, died intestate, March 4, 1900, owning 98 acres of land in this county; that he had two children, Edward W. and Wheeler J. Young; that Wheeler J. Young disappeared on December 31, 1899, and has not been seen nor heard from since the date of his disappearance; that Wheeler J. Young was sheriff of this county at the time of his disappearance, and that his second term of office, as such sheriff, ex-

pired the day after his disappearance; that at the time of such disappearance Wheeler J. Young was a man of about fifty years of age and in apparently good health; that he made an assignment of all his property upon the day of his disappearance; and that he was a man of striking appearance and had an unusually large circle of friends and acquaintances.

In view of the circumstances disclosed by the record it is claimed by counsel for plaintiffs in error that Wheeler J. Young was either killed or committed suicide on December 31, 1899, the day of his disappearance.

It further appears from the record that Edward W. Young, the brother of Wheeler J. Young, died intestate, November 12, 1907, leaving the plaintiff in error, John S. Young, Jr., and Joseph Young, now deceased, as his only children and heirs at law.

Under this state of facts, to whom does the 98-acre tract of land above referred to belong?

If Wheeler J. Young died on the day of his disappearance, then he can not be considered as an heir to his father, John S. Young, Sr., as the father died after the date of such disappearance, namely, on March 4, 1900, and none of the defendants in error are entitled to an interest in this land through Wheeler J. Young, either as creditors or otherwise.

If Wheeler J. Young was living at the time of the death of his father, namely, on March 4, 1900, then certain of the defendants in error have an interest in said 98-acre tract of land.

If Wheeler J. Young died December 31, 1899, that being the date of his disappearance, or at any time prior to March 4, 1900, then the judgment

which was recovered by William R. Diehl on April 6, 1900, was rendered against a dead man and is void.

If Wheeler J. Young died December 31, 1899, or at any time prior to the death of his father, then the judgment for alimony in favor of Mrs. Young, which was recovered July 17, 1901, would be void for the same reason, and the devise of same to her son, William R. Diehl, would be of no effect.

If Wheeler J. Young died December 31, 1899, or at any time prior to the death of his father, then he was not seized of any interest in his father's estate, and Edward W. Young was the sole heir of the father, John S. Young, Sr.

We have no doubt but that counsel have investigated every clew to determine whether Wheeler J. Young is dead or alive, but it is conceded that the record does not contain any facts which show whether Wheeler J. Young is actually dead or alive, or, if dead, when he died.

Certain facts are disclosed by the record which tend to show that Wheeler J. Young had a motive for concealing his identity at the time of his disappearance, namely, financial and domestic troubles.

Upon the other hand, it is claimed that Wheeler J. Young was a man of such striking personality, and had such a wide acquaintanceship, that, if living, he could not have concealed his identity for this length of time had he desired to do so.

Any conclusion reached is mere conjecture, as the record does not contain any testimony which would justify the finding that Wheeler J. Young

was either actually dead or alive on March 4, 1900, the date of the death of his father.

This case must, therefore, be determined upon legal presumptions.

What is the legal presumption as to the date of the death of Wheeler J. Young?

Upon the one hand, it is claimed that the legal presumption is that Wheeler J. Young died on the date of his disappearance, and that the burden rests upon defendants in error to show that he was living at the time of his father's death.

Upon the other hand, it is claimed that such presumption does not arise until the expiration of seven years from the date of the disappearance of Wheeler J. Young; that the evidence shows that he was alive and in apparently good health within about three months from the date of the death of his father; and that, under the pleadings and the law, the burden rests upon plaintiffs in error to prove that Wheeler J. Young was not living when his father died.

We have carefully considered the very helpful briefs which have been filed by counsel.

We shall not attempt to discuss the authorities in detail, but from a consideration of the same we think the presumption is that Wheeler J. Young was living at the date of the death of his father.

In *Rice et al.* v. *Lumley,* 10 Ohio St., 596, the first paragraph of the syllabus is as follows:

"When a man leaves his home or usual place of residence, and goes to parts unknown, and is not heard of or known to be living for the period of seven years, the legal presumption arises that he is dead."

In *Rosenthal* v. *Mayhugh*, 33 Ohio St., 155, the first paragraph of the syllabus is as follows:

"If a husband leaves his family and usual place of residence, and goes to parts unknown, or a distant state, and is not heard from for a period of seven years, a presumption arises that he is dead."

In 1 Greenleaf on Evidence (16 ed.), Section 41, the following rule is announced:

"Other presumptions are founded on the experienced continuance or permanency of longer and shorter duration, in human affairs. When, therefore, the existence of a person, a personal relation, or a state of things, is once established by proof, the law presumes that the person, relation, or state of things continues to exist as before, until the contrary is shown, or ·until a different presumption is raised, from the nature of the subject in question. * * * Where the issue is upon the life or death of a person, once shown to have been living, the burden of proof lies upon the party who asserts the death. But after the lapse of seven years, without intelligence concerning the person, the presumption of life ceases, and the burden of proof is devolved on the other party."

Upon a consideration of the pleadings, the record, and authorities cited, we are of opinion that the weight of authority and the better reasoning sustain the finding that a legal presumption of the death of Wheeler J. Young did not arise until the expiration of seven years from the date of his disappearance, and in the absence of any proof showing his death prior to March 4, 1900, Wheeler J. Young should be considered as an heir of his fa-

ther, John S. Young, Sr., and entitled to a one-half interest in the 98-acre tract of land in question.

In reference to the claim that the court had no jurisdiction in the alimony proceedings of Anna Young, we are of opinion that under the decision of our supreme court in the case of *Benner* v. *Benner,* 63 Ohio St., 220, the court acquired jurisdiction to decree the property in question, and that the proceedings in that case were regular.

We have also considered the objections urged against the Sifrit judgment, and the other errors claimed by counsel for plaintiffs in error, but finding no prejudicial error in the record, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

ALLREAD and FERNEDING, JJ., concur.